GEORGE COLLIN CO. *v.* McLEOD.

ACCOUNTING—APPEAL—EVIDENCE.

A decree on an accounting was affirmed, under the evidence.

Appeal from Montcalm; Davis, J. Submitted April 8, 1903. (Docket No. 4.) Decided June 30, 1903.

Bill by the George Collin Company against Dan McLeod, Jay C. Newbrough, Vernon H. Smith, and Hal H. Smith to enjoin a suit at law and for an accounting. From a decree dismissing the bill, complainant appeals. Affirmed.

*N. O. Griswold*, for complainant.

*V. H. & H. H. Smith*, for defendants.

HOOKER, C. J. The complainant is a corporation, and its principal place of business has been at Greenville. For several years it carried on a lumbering business at Martiny, in Mecosta county; defendant McLeod having general superintendence. The business included a store. Defendant Newbrough was complainant's bookkeeper at Greenville at one time, while defendants Smith are McLeod's counsel. Complainant's business operations were suspended at Martiny in 1895 or 1896; defendant McLeod being left in charge. He claimed a balance of about $1,500 to be his due on account from the complainant, and this led to differences which culminated in his arrest on the charge of larceny, and the issuance of a search warrant for property which the complainant claimed that he had concealed. He was acquitted on the trial. This was followed by an attachment, in which McLeod was plaintiff, whereupon complainant filed the bill in this case for an injunction to stay the action at law and for an account-

ing.  The other defendants are charged with confederating with McLeod, and with having and withholding books and papers belonging to the complainant.  There seems to be little justification for making them parties, and we see nothing to have prevented the trial of the differences between complainant and McLeod in the attachment suit. The defendants answered, the cause was heard upon the merits, and the bill was dismissed.  It is before us upon appeal, and the principal questions relate to a few items of the account.  The questions raised are all questions of fact.  We have examined the record, and conclude that the testimony justified the result reached by the circuit judge.  It would be profitless to discuss the testimony.

The decree is affirmed, with costs.

The other Justices concurred.